MAMACITA, INC., a New Jersey corporation, )
                                             )

                Plaintiff, )

       v. )

COLBORNE ACQUISITION COMPANY, LLC, )
d/b/a COLBORNE FOODBOTICS, LLC, )
an Illinois limited liability company; RICHARD )
HOSKINS, III; LINDA HOSKINS; RICHARD )
HOSKINS, IV; LYSA HOSKINS; and )
HOSKINS PROPERTY, LLC, a Deleware )
Corporation, )
                Defendants. )

Case No. 10-cv-06861

## RICHARD HOSKINS, III, LINDA HOSKINS, RICHARD HOSKINS, IV, LYSA HOSKINS AND HOSKINS PROPERTY, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

### INTRODUCTION

Defendants, Richard Hoskins, III, Linda Hoskins, Richard Hoskins, IV, Lysa Hoskins (the "Individual Defendants") and Hoskins Property, LLC, move to dismiss Counts II and V of the Complaint pursuant to Rules 12(b)(6), 12(b)(7), 9(b) and 19 of the Federal Rules of Civil Procedure for failure to state cognizable claims against them, failure to plead fraud with particularity and failure to name a necessary party. Plaintiff purports to state claims for piercing the corporate veil (Count II) against Richard Hoskins III, Richard Hoskins IV and Lysa Hoskins and fraud in fact and fraud in law (Count V) against Richard Hoskins, III, Linda Hoskins, and Hoskins Property, LLC. Richard Hoskins, III is a 90% shareholder of Colborne Corporation, an Illinois corporation with its principal place of business at 28495 Ballard Drive, Lake Forest, Illinois 60045 (¶¶ 2, 5). Richard Hoskins, IV and Lysa Hoskins each own a 5% share in Colborne Corporation (¶¶ 7, 8). Colborne Corporation is a judgment debtor of Plaintiff by virtue of a New Jersey state court judgment entered on September 2, 2008 (¶ 2). The judgment was registered in the Circuit Court for the Nineteenth

Judicial Circuit, Lake County, Illinois on December 10, 2008 (¶ 31). Colborne Corporation is not a party to this lawsuit.

Hoskins Property, LLC owns the commercial real estate premises at 28495 Ballard Road in Lake Forest, Illinois where Colborne Corporation's principal place of business was located (¶¶ 2, 10). Linda Hoskins is the sole member of Hoskins Property, LLC (¶ 6). Richard Hoskins, III, Linda Hoskins, Richard Hoskins, IV and Lysa Hoskins have <u>no</u> ownership interest in named defendant Colborne Acquisition Company, LLC (p. 13, ¶ 61)[1].

On January 1, 2007, Hoskins Property, LLC increased the monthly rent paid to it by Colborne Corporation from $15,000.00 to $30,000.00 (p. 18, ¶ 56). Now, despite (1) Plaintiff's admission that none of the Individual Defendants have an ownership interest in Colborne Acquisition Company, LLC (p. 13, ¶ 61); (2) Plaintiff's admission that it was <u>Colborne Corporation</u>, not Richard Hoskins, III, that transferred the assets to <u>Hoskins Property, LLC</u>, not Linda Hoskins, individually (p. 18, ¶ 56); and (3) Plaintiff's failure to name Colborne Corporation as a defendant, Plaintiff seeks to hold Richard Hoskins, III, Linda Hoskins, Richard Hoskins, IV, Lysa Hoskins and Hoskins Property, LLC liable for a judgment entered against Colborne Corporation via the theories of fraud and piercing the corporate veil. For the reasons set forth below, Plaintiff's claims against the Individual Defendants and Hoskins Property, LLC should be dismissed with prejudice.

## STANDARD OF REVIEW

### A.    Rule 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), the Court should assume the truth of the facts alleged in the Complaint and construe the allegations in the light most favorable to plaintiffs. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). The Court,

---

[1] Because the paragraphs in the Complaint are incorrectly numbered (Paragraphs 55 – 63 repeat under each Count of the complaint), Defendants have also specified the page number for ease of reference.

however, neither is "obliged to ignore any facts set forth in the complaint that undermine plaintiff's claim [n]or to assign any weight to unsupported conclusions of law." *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Allegations that "merely recite the elements of a cause of action are insufficient to state a claim." *Zimmerman v. Paulsen*, 524 F.Supp.2d 1077, 1080 (N.D. Ill. 2007). And, "if the plaintiff...pleads facts, and the facts show that he is entitled to no relief, the complaint should be dismissed." *American Nurses Assoc. v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986).

**B.** __Rules 12(b)(7) and 19__

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a necessary party under Rule 19. Fed. R. Civ. P. 12(b)(7). In ruling on a motion to dismiss for failure to name a necessary party, a court must accept as true the allegations of the complaint, and may consider extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). The moving party bears the burden of showing that a party must be joined for just adjudication. *Ploog v. Home Side Lending, Inc.*, 209 F. Supp. 2d 863, 873 (N.D. Ill. 2002).

**C.** __Rule 9(b)__

Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud requires that a plaintiff "plead the who, what, when, where and how of the alleged fraud or mistake." *Zimmerman*, 524 F.Supp 2d at 1080. The allegations must include "the identity of the person who made the misrepresentation, time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to plaintiff." *Gen. Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). To assert a claim under the Illinois UFTA, the Seventh Circuit has held that a plaintiff must plead: "(1) an allegation of jurisdiction; (2) a statement of the date and the conditions under which the defendant became indebted to the plaintiff; (3) a statement that the defendant owes the plaintiff the amount; (4) a description of the events surrounding the defendant's

conveyance of property to the transfer recipient for the purpose of defrauding the plaintiff; and (5) the plaintiff's demand of the court." *General Electric Capital Corp.* 128 F.3d at 1079-80.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR PIERCING THE CORPORATE VEIL SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

In Count II, Plaintiff attempts to "pierce the veil" to establish the individual liability of Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins for the debt of Colborne Corporation. A primary purpose of "the corporate form of business is to insulate shareholders from unlimited liability." *CM Corp. v. Oberer Development Co.*, 631 F.2d 536, 541 (7th Cir. 1980). "The doctrine of piercing the corporate veil is a rare exception, applied in the case of fraud or certain other exceptional circumstances, and is usually determined on a case-by-case basis." *Dole Food Co. v. Patrickson,* 538 U.S. 468, 475 (2003). Piercing the corporate veil "is an equitable remedy; it is <u>not itself a cause of action</u> but rather is a means of imposing liability on an underlying cause of action, such as a tort or breach of contract." *Gass v. Anna Hospital Corp.*, 392 Ill.App.3d 179, 185 (5th Dist. 2009) (emphasis added). Under Illinois law, "[e]fforts to pierce the corporate veil are governed by the law of the state of incorporation." *Old Orchard Urban Ltd. Partnership v. Harry Rosen, Inc.*, 389 Ill.App.3d 58, 68 (1st Dist. 2009). Both Colborne Corporation and Colborne Acquisition Company, LLC are organized under Illinois law and, in this state, courts consistently recognize that "piercing the corporate veil is a task which courts should undertake reluctantly." *Ted Harrison Oil Co. v. Dokka*, 247 Ill.App.3d 791, 795 (4th Dist. 1993).

### A. Plaintiff's Allegations Are Vague And Fail To Put The Individual Defendants On Notice Of The Claim Against Them

Plaintiff's attempt to impose personal liability on Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins through a "piercing the veil" theory fails to set forth a cognizable claim. Plaintiff makes "kitchen sink" style allegations in Count II that fail to put these individual defendants on

4

notice of the claim it asserts against them. It is unclear which entity's veil (Colborne Corporation or Colborne Acquisition Company, LLC) Plaintiff is attempting to pierce to reach these defendants. Plaintiff appears to make allegations as to both. For example, in ¶¶ 57 and 59 (p. 14) Plaintiff alleges that Colborne Acquisition Company, LLC "is a sham for the operation and management of" Colborne Corporation and there is a "unity of ownership, interest and control" between Colborne Corporation and Colborne Acquisition Company, LLC. However, nowhere does Plaintiff specify whether it purports to pierce Colborne Corporation's veil or Colborne Acquisition Company, LLC's veil.

Plaintiff also impermissibly lumps the individual Hoskins defendants together as one (the "Hoskins family") in ¶¶ 55-61 (p. 14) and fails to specify how each individual defendant is personally liable for the corporate obligations of Colborne Corporation or Colborne Acquisition Company, LLC. For example, Plaintiff alleges that Colborne Corporation "ignored corporate formalities and acted as a mere façade for the operation of its dominant shareholders, the Hoskins family." (¶55 of page 14). However, Plaintiff admits that Linda Hoskins, a member of the "Hoskins Family," is not a shareholder of Colborne Corporation (¶¶ 5, 7-8). Moreover, Colborne Corporation is not a party to the Complaint[2]. As another example, in ¶ 59 (p. 14) Plaintiff claims a "unity of interest and control" exists between Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins, on the one hand, and Colborne Corporation and Colborne Acquisition Company, LLC on the other. However, Plaintiff admits that Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins have no ownership interest in Colborne Acquisition Company, LLC (p. 13, ¶ 61). By making these allegations regarding these defendants' lack of ownership in the corporate entities, Plaintiff has pled itself out of a piercing the corporate veil claim. Regardless, Plaintiff's allegations are vague and fail

---

[2] Colborne Corporation filed a bankruptcy petition on November 29, 2010.

to put each defendant on notice of the allegations against him or her and Count II must be dismissed.

**B.   Plaintiff Fails To Satisfy The Two-Part Test For Piercing The Veil**

Additionally, Plaintiff fails to meet the strict requirements of the Illinois two-part test for piercing the corporate veil. In Illinois, "there is a presumption of corporate regularity." *Gass* 392 Ill.App.3d at 186. Illinois courts pierce the veil only in limited circumstances where: "(1) there is such a unity of interest and ownership that the separate personalities of the corporations [or individuals and corporation] no longer exist; and (2) circumstances exist so that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *Id.* Moreover, because piercing the veil is dependent on an underlying cause of action, "[w]hen a veil piercing claim is based on allegations of fraud, the heightened pleading standard of Fed. R. Civ. P. 9(b) is the lens through which the allegations must be examined." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005). In Count II, Plaintiff alleges that "[t]he Hoskins Family knowingly participated in the fraudulent scheme perpetrated upon Mamacita by collectively deciding to transfer the corporate assets out of Mamacita's reach." (¶58, p. 14) (emphasis added). Therefore, Rule 9(b)'s heightened pleading standard must be applied. As described below, Plaintiff fails to plead this alleged fraudulent scheme with particularity.

**1.   Plaintiff's Attempt To Pierce The Veil Fails Part One Of The Test**

Under part one of the *Gass* test, a finding that there is a "unity of interest and ownership" is not dependent on a single factor. 392 Ill.App.3d at 186.  In *Gass* the court held that Illinois courts must:

> examine many factors, including: (1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation; (6) nonfunctioning of the other officers or directors; (7) absence of corporate records; (8) commingling of funds; (9) diversion

of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors; (10) failure to maintain arms-length relationships among related entities; and (11) whether, in fact, the corporation is a mere façade for the operation of the dominant stockholders. *Id.*

Plaintiff fails to allege any of these elements with particularity in Count II.

Whether Plaintiff is attempting to pierce Colborne Corporation's veil or Colborne Acquisition Company, LLC's veil, its pleadings are deficient. The majority of Plaintiff's allegations are legal conclusions, including the allegation that "Colborne #2 is a sham" (¶ 57, p. 14). *See* 114 AM. Jur. POF 3d 403, §1 (2010) (the label "sham" is shorthand for a conclusion but provides no guidance as to what factors were considered in reaching that conclusion.). Plaintiff also states a legal conclusion in ¶ 59 (p.14) that "there is a unity of ownership, interest and control." As noted earlier, conclusory statement unsupported by allegations of specific facts are insufficient to withstand a motion to dismiss. Further, Plaintiff admits that Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins do <u>not</u> have any ownership interest in Colborne Acquisition Company, LLC and, therefore, there is no veil to pierce (p.13, ¶61). Plaintiff's Complaint is analogous to the complaint in *Hills of Palos Condominium Ass'n, Inc. v. I-Del Inc.*, 255 Ill.App.3d 448, 480 (1st Dist. 1993), in which the plaintiff alleged that a corporation's president "dominated [the corporation]" and there was "such a unity of interest between [the corporation] and [its president]" that the corporation was merely his alter ego. The appellate court affirmed the trial court's ruling that these allegations "amount[ed] to conclusory statements unsupported by *specific* facts upon which the conclusions rest, and [were] therefore, insufficient to withstand a motion to dismiss." *Id.* Similarly, Plaintiff's allegations here merely restate part I of the test, rather than allege specific facts with particularity.

Finally, the majority of the factors listed above are absent in any form from Plaintiff's Complaint. Plaintiff does not allege that either of these entities are inadequately capitalized, failed to issue stock, observe corporate formalities or pay dividends or that the officers and directors fail to

function. Plaintiff does not allege that these entities fail to maintain corporate records. In fact, Plaintiff concedes that factor 7 (absence of corporate records) is inapplicable in ¶ 28 (The books and records of Colborne Corporation show that...it met all of its financial obligations to Lake Forest bank and its trade creditors). Most importantly, Plaintiff admits that none of the individual Hoskins have an ownership interest in Colborne Acquisition Company, LLC (p. 13, ¶ 61). Because Plaintiff alleges a few legal conclusions and not specific facts to show an alleged "unity of interest," the allegations of Count II fail part one of the Illinois test for piercing the corporate veil.

### 2.   Plaintiff's Attempt To Pierce The Veil Fails Part Two Of The Test

A plaintiff is also required to allege that "there is an element of unfairness, something akin to fraud or deception, or the existence of a compelling public interest" under part two of the test. *Gass*, 392 Ill.App.3d at 186. Plaintiff merely alleges in ¶ 60 (p.14) that "adhering to the fiction of a separate corporate existence would sanction a fraud, promote injustice and promote inequitable consequences." This allegation is a legal conclusion that simply restates part two of the test, rather than alleging the facts required to satisfy it. In addition, Plaintiff fails to set forth any specifics of the alleged "fraud" by Richard Hoskins, III, Richard Hoskins, IV and Lysa Hoskins. These conclusory statements without specific facts are insufficient to allege piercing the corporate veil. Therefore, Count II fails to meet both parts of the *Gass* test for piercing the corporate veil and must be dismissed.

## II.   COUNT V SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

### A.   Richard Hoskins, III, Linda Hoskins and Hoskins Property Are Not The "Debtor" Under Section 5(a)(1) Of The UFTA

In Count V, Plaintiff purports to state a claim against Richard Hoskins, III, Linda Hoskins and Hoskins Property, LLC for fraud in fact and fraud in law pursuant to Sections 5(a)(1) and 6(a) of the Illinois Uniform Fraudulent Transfer Act ("UFTA"). The UFTA provides as follows: "A

transfer made or obligation incurred by a <u>debtor</u> is fraudulent as to a creditor whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, <u>if the debtor made the transfer or incurred the obligation</u> . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." (emphasis added) 740 ILCS 160/5(a)(1). Similarly, Section 6(a) of the UFTA provides as follows:

> A transfer made or obligation incurred by a <u>debtor</u> is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred <u>if the debtor made the transfer or incurred the obligation</u> without receiving a reasonably equivalent value in exchange for the transfer or obligation <u>and the debtor was insolvent at that time</u> or the debtor became insolvent as a result of the transfer or obligation. (emphasis added) 740 ILCS 160/6(a).

Count V is brought against Richard Hoskins, III, Linda Hoskins and Hoskins Property, LLC. Plaintiff admits, however, that these defendants are not the debtor. Instead, Plaintiff alleges that non-party Colborne Corporation is the debtor: "Mamacita is a judgment creditor of Colborne Corporation." (Complaint at 1). Thus, Plaintiff's own allegations demonstrate that these defendants are not the "debtor" for purposes of a claim under Sections 5(a)(1) and 6(a) of the UFTA. Because these defendants are not the "debtor" under Sections 5(a) and 6 of the Act, Plaintiff fails to state a claim and thus Count V should be dismissed pursuant to Rule 12(b)(6).

### B. There Is No Factual Or Legal Basis To Hold Richard Hoskins, III Or Linda Hoskins Liable For Fraud In Count V

There is no factual or legal basis to hold Richard Hoskins, III or Linda Hoskins *individually* liable for fraud in Count V. Plaintiff alleges in ¶ 56 (p.18) that <u>Colborne Corporation</u> incurred an obligation of additional monthly rent to its landlord, <u>Hoskins Property, LLC</u>. Plaintiff admits that neither Richard Hoskins, III nor Linda Hoskins are debtors or assumed the additional rent obligation (¶56, p.18). Rather, Colborne Corporation is the debtor that allegedly assumed the increased rental obligation. Moreover, Plaintiff concedes that <u>Hoskins Property, LLC</u>, not Linda Hoskins, <u>is the alleged transferee</u> (*Id.*). Plaintiff attempts to assert claims against Richard Hoskins, III and Linda

Hoskins but fails to recognize that "a corporation is a legal entity that is separate and distinct from its shareholders, directors, and officers and from other corporations with which it may be connected." *Gass* 392 Ill.App.3d at 185. The corporate status generally "shields shareholders from liability from corporate debts and obligations." *Zahl v. Krupa*, 399 Ill.App.3d 993, 1020 (2d Dist. 2010). Plaintiff's Complaint merely alleges that a non-party corporation incurred an obligation to another corporation. There is no basis for the claims against Richard Hoskins, III or Linda Hoskins.

### C.    Plaintiff Fails To Allege Actual Intent To Defraud

To state a claim for fraud in fact under Section 5(a) a creditor needs to demonstrate that the debtor transferred the property with "actual intent to hinder, delay, or defraud" the creditor. 740 ILCS 160/5(a); *In re Edgewater Medical Center v. Edgewater Property Co.*, 373 B.R. 845, 855-856 (N.D. Ill. 2007). The Act lists, under section 5(b), "badges of fraud" which, when present in sufficient number, may support an inference of actual fraudulent intent. *Kruse v. Aamed, Inc.*, 1997 WL 102528, *4 (N.D. Ill. 1997) (not reported). Those badges are as follows:

(1)    The transfer or obligation was to an insider;
(2)    The debtor retained possession or control of the property transferred after the transfer;
(3)    The transfer or obligation was disclosed or concealed;
(4)    Before the transfer was made or obligation incurred, the debtor had been sued or threatened with suit
(5)    The transfer was of substantially all the debtor's assets;
(6)    The debtor absconded;
(7)    The debtor removed or concealed assets;
(8)    The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9)    The debtor was insolvent or became insolvent shortly after the transfer was made or obligation was incurred.
(10)   The transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11)   The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.  740 ILCS 160/5(b)(1)-(11)

The enumerated factors are merely considerations. *Lindholm v. Holtz*, 221 Ill.App.3d 330, 334 (2d Dist. 1991). When these "badges of fraud" are present in sufficient number, it may give rise

to an inference or presumption of fraud. *Kaibab Indus., Inc. v. Family Ready Homes, Inc.*, 80 Ill.App.3d 782, 786 (1978). Because allegations under these sections involve fraud, "FRCP 9(b) requires that the circumstances constituting fraud shall be stated with particularity." *Zimmerman*, 524 F.Supp 2d at 1080. The majority of the badges of fraud are absent from the allegations in Plaintiff's Complaint and, thus, Count V must be dismissed.

### a. The alleged transfer or obligation was not to an insider.

Plaintiff admits that the first badge of fraud is missing, as the alleged transfer or obligation was not to an insider, but to a separate entity. In ¶ 56 (p.18), it alleges that <u>Colborne Corporation</u> incurred an obligation of additional monthly rent to <u>Hoskins Property, LLC</u>. As Plaintiff sets forth in ¶ 2 and ¶ 10, these are two separate legal entities and there is no allegation that Hoskins Property is an insider of Colborne Corporation.

### b. The debtor did not retain possession and control of the property transferred.

Plaintiff admits that Colborne Corporation, the debtor, does not satisfy the second badge of fraud. It did not retain possession and control of the property transferred. Rather, Plaintiff alleges the transfer was made to Hoskins Property, LLC, the landlord (p.18, ¶ 56.)

### c. The transfer was not of "substantially all" the debtor's assets.

The fifth badge of fraud is absent from Count V and is negated by the remaining allegations in Plaintiff's Complaint. The alleged transfer of rent from Colborne Corporation to Hoskins Property, LLC is not alleged to have stripped Colborne Corporation of substantially all of its assets. To the contrary, Plaintiff admits as much throughout the Complaint where it states that the UCC sale on May 19, 2009 stripped Colborne Corporation of its assets, <u>not</u> the increase in rent ¶¶ 40, 49 (p.11), 58 (p.15), 57 (p.17).

### d. Colborne Corporation was not insolvent and did not become insolvent shortly after the transfer occurred

The ninth badge of fraud is absent from Count V and is negated by the allegations of the Complaint. A claim under the Illinois Uniform Fraudulent Transfer Act (UFTA) cannot succeed "without a finding that the debtor was insolvent." *Edgewater*, 373 B.R. at 853. In Count V, Plaintiff merely alleges that "the 100% rent increase reduced cash flow" in Colborne Corporation (p. 19, ¶58.) Plaintiff does not allege that Colborne Corporation was insolvent at the time of the rent increase or that it became insolvent shortly after this obligation was incurred. A reduction of cash flow does not amount to a transfer of substantially all of one's assets nor does it amount to insolvency.

### e. The transfer did not occur shortly before or shortly after a substantial debt was incurred

To satisfy the tenth badge of fraud, the transfer must occur "shortly before or shortly after a substantial debt was incurred." 740 ILCS 160/5(b)(1)-(11). In contrast, Plaintiff alleges that Colborne Corporation incurred an additional obligation in January of 2007 (¶56, p. 18). Judgment was not entered against Colborne Corporation until 20 months later, on September 2, 2008 (¶ 21). Thus, Plaintiff fails to satisfy this element.

### f. The remaining badges of fraud are absent from Plaintiff's Complaint or are not pled with particularity

Plaintiff does not make specific allegations regarding the remaining badges of fraud as required by Rule 9(b). Plaintiff claims that there was an additional obligation of rent incurred (p.18, ¶56) but does not allege how this fact was concealed from it (badge 3). Plaintiff does not allege that Colborne Corporation absconded (badge 6), nor does it allege beyond the vague and general allegations in ¶¶ 58 and 60 (p.19) that Colborne Corporation removed or concealed assets or transferred assets to a lienor who then transferred them to an insider (badge 11). These allegations

do not fulfill the requirements of the *General Electric Capital Corp.* test for pleading fraud under Rule 9(b).

### III. COUNTS II AND V SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(7) AND RULE 19 FOR FAILURE TO JOIN A NECESSARY PARTY

A motion under Rule 12(b)(7) seeks dismissal based on the failure to join a necessary party. *See* Fed. R. Civ. P. 12(b)(7). To evaluate a Rule 12(b)(7) motion, a court must engage in a two-step inquiry. First, the court must determine whether a party is a necessary party. Fed. R. Civ. P. 19(a); *Thomas v. U.S.*, 189 F.3d 662, 667 (7th Cir. 1999). To make that determination, the court must consider: "(1) whether complete relief can be accorded among the parties to the lawsuit without joinder; (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired; and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Thomas*, 189 F.3d at 667. Second, if based on those factors the court concludes that the party should, but cannot be, included in the action, it will then decide whether the litigation can proceed at all in the party's absence. *Id.* If the court finds that "there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal upon proper motion under [Rule]12(b)(7)." *Id.* Inexplicably, without naming Colborne Corporation as a defendant, Plaintiff asks this Court to enter judgment against Colborne Corporation, including damages and an injunction, in its prayers for relief in Count III (¶¶ 64(b) and (e), p. 16) and Count IV (¶ 59(b) and (e), pp. 17-18). It goes without saying that this Court cannot award damages and judgment against a non-party.

#### A. Colborne Corporation Is A Necessary Party

Plaintiff's central theory is that the debtor, Colborne Corporation, transferred assets to Hoskins Property, LLC under an increased rental obligation in violation of the Illinois UFTA (p. 18

– 20, ¶ 54-63). Despite identifying Colborne Corporation as a member of the alleged fraudulent scheme and the transferor under the UFTA, Plaintiff fails to name Colborne Corporation as a defendant. The plain language of both sections 5(a) and 6(a) of the Illinois UFTA requires that the defendant be a <u>debtor</u> of Plaintiff. 740 ILCS 140/5(a), 6(a). As Plaintiff concedes, it is a creditor of Colborne Corporation, not any of the named defendants (¶21.) The elements of a cause of action under sections 5(a) and 6(a) of the UFTA focus on the actions and intent of the debtor. Therefore, Colborne Corporation's presence is necessary to resolve this cause of action. This omission is especially glaring in light of Plaintiff's prayers for relief against Colborne Corporation. Each element of relief necessarily implicates the interests of Colborne Corporation, and thus Colborne Corporation is a necessary and indispensable party. As shown below, failure to name Colborne Corporation as a defendant is fatal to Plaintiff's claims under Rule 12(b)(7).

First, complete relief cannot be accorded amongst the parties without joinder of Colborne Corporation. In Count V Plaintiff seeks, *inter alia*, the following from this Court: (1) an Order from this Court entering judgment "against Hoskins Property, LLC, R-3, and Linda Hoskins, in the amount of $675,000.00 [alleged amount of the total increased rental obligation from January 1, 2007 through the date of filing the Complaint (¶61)] plus statutory interest and costs"; (2) An Order from this Court "avoiding the transfer of [Colborne Corporation's] assets to [Colborne Acquisition Company, LLC];" (3) "an attachment or other provisional remedy against the assets transferred . . .;" (4) "an injunction against further disposition by the Hoskins Property, LLC, R-3, and Linda Hoskins, or all, of the assets transferred . . .;" (5) appointment of a receiver "to take charge of the assets transferred . . .;" and (6) "an order levying execution on the assets transferred . . . ." (Complaint at p. 20).

Second, without the presence of Colborne Corporation, its ability to protect its interest in the subject matter of the suit will be impaired. The subject matter of Count V of the suit is the assets of

Colborne Corporation that it allegedly transferred to its landlord, Hoskins Property, LLC. Even though Colborne Corporation is not a named defendant, Plaintiff seeks to recover those assets and to enjoin further disposition of those assets.

Finally, a failure to name Colborne Corporation would create a substantial risk that the defendants would incur "double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19. Judgment was entered against Colborne Corporation in New Jersey in the amount of $538,167.08 (¶21). Plaintiff now attempts to collect the $538,167.08 in this separate action against the individual defendants and not against Colborne Corporation. This scenario would set Plaintiff up to have two bites at the apple, as it might attempt to enforce the judgment against Colborne Corporation in a separate suit, exposing the defendants to the risk of inconsistent obligations.

### B.   The Litigation Cannot Proceed In Colborne Corporation's Absence

The second step of the analysis is to determine whether the litigation can proceed at all in the party's absence. As stated above, Plaintiff seeks recovery of the assets Colborne Corporation paid to Hoskins Property, LLC pursuant to a lease and to enjoin further rental payments. Without joining Colborne Corporation as a party, any relief afforded Plaintiff may be illusory and would subject the parties to multiple and inconsistent obligations.

### CONCLUSION

Based on the foregoing reasons, Defendants Richard Hoskins, III, Linda Hoskins, Richard Hoskins, IV, Lysa Hoskins and Hoskins Property, LLC pray that this Court enter an order dismissing the Complaint.

Respectfully Submitted,

/s/ Blake T. Hannafan
One of the Attorneys for Defendants
Richard Hoskins, III, Linda Hoskins,
Richard Hoskins, IV, Lysa Hoskins and
Hoskins Property, LLC

Dated: December 10, 2010

15

Blake T. Hannafan
Stacey B. Jensen
Hannafan & Hannafan, Ltd.
One East Wacker Drive
Suite 2800
Chicago, Illinois 60601
312-527-0055

## CERTIFICATE OF SERVICE

I, Blake T. Hannafan, an attorney, under oath state that I caused a copy of the attached **Richard Hoskins, III, Linda Hoskins, Richard Hoskins, IV, Lysa Hoskins and Hoskins Property, LLC's Notice of Motion, Motion to Dismiss and Memorandum in Support of their Motion to Dismiss** to be placed in the U.S. Mail at One East Wacker Drive, Chicago, Illinois 60601 on this 10th day of December, 2010 and sent to: (See List Attached)


/s/ Blake T. Hannafan
Blake T. Hannafan


Hannafan & Hannafan, Ltd.
One East Wacker Drive
Suite 2800
Chicago, IL  60601
(312) 527-0055

## SERVICE LIST

**Attorney for Plaintiff**

Riccardo A. DiMonte
Ryan R. Van Osdol
DiMonte & Lizak, LLC
216 West Higgens Rd.
Park Ridge, IL 60068


**Attorney for Defendant Colborne Acquisition Company, LLC**

Brett Nolan
Shefsky & Froelich, Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601