# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6861 | **DATE** | 8/3/2012 |
| **CASE TITLE** | Goldstein vs. Colborne Acquisition Co., LLC, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to amend the protective order [Dkt. No. 94] is granted in part and denied in part as detailed below.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court is Defendants' motion to modify the protective order entered May 26, 2011. For the following reasons, the Court declines to modify the May 2011 order as proposed by Defendants, but does impose some additional conditions on discovery.

## I. BACKGROUND

On May 26, 2011, Plaintiff Ilene Goldstein, as trustee of the Estate of Cold 2005, Inc. ("Plaintiff"), and Defendants entered into an agreed protective order ("May 2011 order") regarding the production of certain discovery material containing confidential and sensitive information. Pursuant to the May 2011 order, the parties agreed to designate as "Confidential" any discovery material that met certain "Confidentiality Criteria." The order provided that discovery material met the "Confidentiality Criteria" if it contained or disclosed confidential business or trade secret information "including, without limitation, financial information, tax returns, customer lists, customer information or other information kept confidential by the designating party." (Dkt. No. 51 ¶ 2). The order further provided that documents designated as "Confidential" may be filed with the Court without requiring that they be under seal. (*Id.* ¶ 6).

On May 15, 2012, Defendants filed a motion to modify the May 2011 order and attached a proposed amendment to that order. (Dkt. No. 94-3). Defendants' proposed amendment seeks to include a provision that any discovery material designated as "Confidential," particularly material containing sensitive financial information, may also be designated as "Confidential – Attorneys' Eyes Only." Additionally, under the proposed amendment, any "Confidential – Attorneys' Eyes Only" material, along with any motions, documents, or papers discussing such material, filed with the Court shall be filed under seal. Defendants seek this amendment arguing that the May 2011 order currently allows creditors and other third parties access to Defendants' financial records and account numbers.

## II. <u>ANALYSIS</u>

Plaintiff objects to the proposed amendments on multiple grounds. First, Plaintiff argues that Defendants are barred from seeking such an amendment as they have failed to meet the standard required for seeking the Court's intervention in amending the order. The Court is not persuaded by this argument. As Defendants note, the May 2011 order explicitly states that "[n]otwithstanding this Protective Order, any party may move the Court for an order imposing additional restrictions upon discovery for documents or other material . . ." (Dkt. No. 51 ¶ 11). Plaintiff's argument is defeated by the very language of the order, which, as Plaintiff points out, is a contract that the parties "spent nearly three months negotiating." (Dkt. No. 99 ¶¶ 9-10).

Next, Plaintiff argues that Defendants are adequately protected by the terms of the May 2011 order. Plaintiff further contends that the proposed amendment is unreasonable, as Defendants' personal financial information is not the type of information that is typically subject to an "Attorneys' Eyes Only" designation, and that such information is necessary to support certain of Plaintiff's claims in this action. Defendants contend that they will be prejudiced by disclosure of this information to third parties and that without an "Attorneys' Eyes Only" provision they open themselves to possible fraud and identity theft.

The Court agrees that Defendants may have been adequately protected by the May 2011 order, but disagrees that allowing for an "Attorneys' Eyes Only" designation is therefore unreasonable in light of new concerns. Defendants' concerns over possible disclosure of their personal financial account numbers and social security numbers are legitimate.

However, the Court is leery of Defendants' request to protect the vaguely worded "other sensitive personal financial information." Does this mean dollar amounts? Does it mean types of purchases? Defendants argue their privacy will be violated, but discovery is inherently intrusive. Without more specifics, the Court declines to order protection beyond that for specific account numbers and social security numbers.

As it is Defendants who are requesting permission for such a designation, the Court now places on Defendants the burden of producing two copies of any discovery containing such information. Defendants must produce one copy completely unredacted and designated "Confidential – Attorney's Eyes Only," and a second copy with any social security numbers or account numbers redacted, so as to prevent disclosure of such information to other third parties. This solution will allow Plaintiff to adequately pursue its claims, while simultaneously protecting Defendants' confidential financial information.

Finally, Plaintiff objects to Defendants' proposed amendment requiring that all court filings containing any material designated "Confidential – Attorneys' Eyes Only" be filed under seal, as such an requirement is overly burdensome. The Court agrees. Federal Rule of Civil Procedure 5.2 obviates the need to file such documents under seal. That rule states that any document filed with the court containing an individual's social-security number, taxpayer-identification number, or financial-account number may include only the last four digits of each of those numbers. Fed. R. Civ. P. 5.2(a). It is therefore unnecessary to require that any such documents in this case be filed under seal.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the individual Defendants' motion to modify the May 26, 2011 protective order is denied in part. However, Defendants may designate as "Confidential – Attorneys' Eyes Only" discovery material containing the undredacted personal financial account numbers of the individual Defendants. If they do so, Defendants must also produce to Plaintiff an additional copy of the material with redactions, and these redacted copies may be shared with clients in accord with the existing protective order.